RECEIVED
Charlotte, NC
APR 28 2015
Clerk, US District Court
Western District NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Lucy Horton,

        *Plaintiff,*

vs.

World Wide Asset Recoveries, LLC,

        *Defendant*

Case No. 3:15cv183 (GCM)

**TRIAL BY JURY DEMANDED**

**VERIFIED COMPLAINT FOR DAMAGES OF THE FAIR CREDIT REPORTING ACT ("FCRA") and the FAIR DEBT COLLECTINS PRACTICES ACT ("FDCPA")**

## JURISDICTION

1. The jurisdiction of this Court arises under 15 U.S.C. § 1681p; 28 U.S.C. § 1337; and supplemental jurisdiction exists for statutory claims pursuant to 28 U.S.C. § 1331.

2. Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. §1391b (1), in that the Plaintiff resides here; the Defendant purportedly transacts business here; and the conduct complained of occurred here.

3. All conditions precedent to the bringing of this action has been performed.

## THE PARTIES

4. Plaintiff Lucy Horton is now and at all times relevant to this action a natural person and a "consumer" within the meaning of the Fair Credit Reporting Act ("FCRA"), 15 USC § 1681a(c) and the Fair Debt Collection Practices Act, 15 USC 1692a(3) ("FDCPA").

5. Defendant World Wide Recoveries is a limited liability corporation formed under the laws of the State of Nevada; and a "debt collector" as the term is defined by 15 USC § 1681a(c) and 15 U.S.C. § 1692a(6); and does not appear to be in compliance to operate within North Carolina as they are not licensed with the North Carolina Department of Insurance.

6. It has a principal place of business located at 2642 Hamner Avenue, Suite 205, Norco, CA

92860.

## LIMITATION OF ACTION

7. FCRA Statute of limitation of this action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—

(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

(2) 5 years after the date on which the violation that is the basis.

## GENERAL ALLEGATIONS

8. On June 11, 2013 Plaintiff obtained her Equifax consumer report of the same date (hereinafter "report") and found an entry in her report by an entity with whom she was unfamiliar.

9. The FCRA, 15 USC § 1681(b) defines the permissible purposes for which a consumer credit report may be obtained.

10. Plaintiff has never had any business dealings or any accounts with, made application for credit from or made application for employment with Defendant.

11. At no time did Plaintiff give her consent for Defendant to acquire, inquire or obtain her consumer credit report from any credit reporting agency.

12. The report shows that on 11/04/12, 02/04/13 Defendant obtained Plaintiff's report with no "permissible purpose".

13. Within another report dated January 7, 2014 Defendant again obtained Plaintiff's report with no "permissible purpose" on 07/17/13 which appears to be a violation of 15 USC § 1681(b).

15. Defendant also received notice of said disputes from Equifax in or around August 21 and November 12 of 2014.

16. In an effort to obtain its reasoning for intruding into Plaintiff's personal consumer report, on February 8, 2014 Plaintiff sent a request for validation to Defendant by mail for which Defendant received on February 14, 2014.

17. As a condition precedent, Plaintiff notified Defendant of its violations by mail on March 9,

Complaint for Violations of the FCRA

2015 in an attempt to mitigate her damages and obtain a settlement prior to bringing this action.

18. Plaintiff received no reply from Defendant after servicing notice.

## COUNT I
## VIOLATION OF 15 USC § 1681, FAIR CREDIT REPORTING ACT
## WILLFUL NON-COMPLIANCE BY DEFENDANT

19. Paragraphs 1-18 are re-alleged as though fully set out herein.

20. The actions of the Defendant in obtaining Plaintiff's Equifax report under false pretenses and with no permissible purpose and without Plaintiff's consent, was a willful violation of 15 USC § 1681(b), and an egregious violation of Plaintiff's right to privacy.

21. Defendant had a duty to properly ascertain if there was in fact any legitimate permissible purpose for obtaining Plaintiff's consumer credit report before doing so. Defendant however breached said duty by failing to do so.

22. There was no account that Defendant had a right to collect, resulting in Defendant obtaining Plaintiff's consumer credit report(s). Therefore Plaintiff may be entitled to damages by operation of law.

23. Plaintiff attests there was no account owed to Defendant that it had any right to collect in order to have had a permissible purpose to obtain her Equifax report and therefore Plaintiff is entitled to statutory damages of $1,000 per violation under 15 U.S.C. §1681n(b) for what appears to be a breach of said duty.

## COUNT II
## VIOLATION OF 15 USC § 1692, FAIR DEBT COLLECTION PRACTICES ACT

24. Paragraphs 1-23 are re-alleged as though fully set out herein.

25. At all relevant times Defendant – in the ordinary course of its business – regularly engages in the practice of collecting debts on behalf of other individuals or entities.

26. At all times relevant to this complaint, Defendant sought to collect an alleged "consumer" debt from Lucy Horton for which she did not owe Defendant by making inquiry into her

personal consumer report.

27. Defendant's conduct violated §1692g(a)(1) of the FDCPA by failing to send to Plaintiff a written notice within five days after the initial communication by Plaintiff in connection with the collection of an alleged debt.

28. Plaintiff has suffered from anger and frustration as a result of these violations of the FDCPA.

29. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant.

## PRAYER FOR JUDGMENT AND RELIEF

**WHEREFORE** Plaintiff demands judgment for damages against Defendant for relief and judgment as follows:

a. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1681nA(3) of $1000.00 per violation, for a total of $3,000;

b. Awarding Plaintiff court costs and possible attorney's fees pursuant to 15 USC § 1681n;

c. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000;

d. Awarding Plaintiff any attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), and costs incurred in the bringing of this action;

e. Awarding such and other and further relief as the court may deem jpust and proper.

By: *Lucy A. Horton* (signature)
Lucy Horton

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

Plaintiff Lucy Horton, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.

2. I believe that all of the facts contained in this complaint are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to the Defendant or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_Lucy J. Horton_
Lucy J. Horton, *In Propria Persona*
1732 Vantage Place
Charlotte, N.C. 28216

Subscribed and Sworn before me this 20th day of April, 2015

_Diana Peña_
Notary

Commission Expires: August 6, 2018

[Notary Seal: DIANA PEÑA, NOTARY PUBLIC, MECKLENBURG COUNTY, NC]